IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY TUSWEET SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-1488 |
| | ) | |
| v. | ) | Judge Fischer |
| | ) | Magistrate Judge Caiazza |
| SALLY A. FRICK, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this civil rights action be dismissed in accordance with the Prison Litigation Reform Act. See 28 U.S.C. § 1915(e)(2)(B)(ii).

### II. REPORT

Anthony Tusweet Smith ("Smith" or "the Plaintiff"), is a prisoner incarcerated at the Luzerne County Correctional Facility. He has filed the instant lawsuit alleging that his Constitutional rights were violated by the Defendant, a criminal defense attorney who is presently representing Smith on an appeal from the imposition of a federal sentence. The entire statement of the Plaintiff's claim is this: "On or about September 28, 2007 Sally A. Frick filed a brief for Appellant at 06-5113 and 07-1784 in the U.S. Court of Appeals in [sic] the 3rd Circuit." (Doc. 1). Indeed, a review of the Court of Appeals docket reflects that Smith's appeals at those docket numbers are presently pending, that Attorney Frick is counsel of record, and that briefs have

been filed on Smith's behalf.

A. **The Legal Standard**

Congress has mandated that the court review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, *at any time*, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Where the issue is whether the plaintiff has stated a claim upon which relief can be granted, the familiar standard applicable to motions to dismiss is applicable. See, e.g., Tucker v. Angelone, 954 F.Supp. 134, 135 (E.D.Va.1997), aff'd, 116 F.3d 473 (4th Cir.1997)(Table); Powell v. Hoover, 956 F.Supp. 564, 568 (M.D.Pa.1997). The standard a court applies with respect to a motion to dismiss filed pursuant to Rule 12(b)(6) is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. ___ U.S. ___, 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language in Conley v. Gibson, 355 U.S. 41, (1957); *i.e.*, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove

2

no set of facts in support of his claim, which would entitle him to relief." See Twombly, 127 S. Ct. at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

B. **The Analysis**.

A fair reading of the Complaint in this case is that the Plaintiff challenges the actions taken on his behalf by counsel who represents him before the Court of Appeals. To the extent Smith seeks to remedy alleged constitutional violations through a Bivens-type claim[1], he must show that a federal agent violated his rights. See Carlson v. Green, 446 U.S. 14, 18 (1980). Smith's counsel does not serve as a federal agent because defense counsel -whether court appointed or privately retained- does not act under color of law when representing clients in a legal capacity. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding public defender not acting under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir.1972) (privately-retained counsel not acting under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir.1972) (court-appointed pool attorney not acting under color of state law); Awala v. Stretton, 2006 WL 2347659 (D.Del. Mar. 3, 2006)

---

1. Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

(applying <u>Dodson</u> in <u>Bivens</u> action). That being said, the remedy for constitutional deprivations provided to federal prisoners under <u>Bivens</u> does not provide this court with jurisdiction over the Plaintiff's Complaint, whatever it may be, concerning counsel's actions before the Court of Appeals. This action should be dismissed as frivolous.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, the Plaintiff is allowed until December 21, 2007 to file written objections to this Report. A failure to timely file objections may constitute a waiver of any appellate rights.

s/Francis X. Caiazza<br>
Francis X. Caiazza<br>
United States Magistrate Judge

Dated: December 5, 2007

cc:
ANTHONY TUSWEET SMITH
07-09-107
Luzerne County Correctional Facility
99 Water Street
Wilkes-Barre, PA 18702